**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DONEL DAVIDSON, Derivatively on Behalf of DICK'S SPORTING GOODS, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>LAUREN R. HOBART, EDWARD W. STACK, NAVDEEP GUPTA, WILLIAM J. COLOMBO, LAWRENCE J. SCHORR, EMANUEL CHIRICO, LARRY D. STONE, MARK J. BARRENECHEA, ANNE FINK, LARRY FITZGERALD, JR., SANDEEP MATHRANI, and DESIREE RALLS-MORRISON,<br><br>    Defendants,<br><br> -and-<br><br>DICK'S SPORTING GOODS, INC., a Delaware Corporation,<br><br>    Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 2:25-cv-00209-NR-KT |
| RICHARD SULLIVAN, Derivatively on Behalf of DICK'S SPORTING GOODS, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>LAUREN R. HOBART, MARK J. BARRENECHEA, EMANUEL CHIRICO, WILLIAM J. COLOMBO, ANNE FINK, LARRY FITZGERALD, JR., SANDEEP MATHRANI, DESIREE RALLS-MORRISON, LAWRENCE J. SCHORR, EDWARD W. STACK, LARRY D. STONE, and NAVDEEP GUPTA,<br><br>    Defendants,<br><br> -and-<br><br>DICK'S SPORTING GOODS, INC.,<br><br>    Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 2:25-cv-00601-KT |

**<u>ORDER GRANTING JOINT MOTION FOR  CONSOLIDATION OF RELATED DERIVATIVE ACTIONS AND  APPOINTMENT OF CO-LEAD COUNSEL AND LIAISON COUNSEL</u>**

**AND NOW,** this <u>16th</u> day of _____<u>May</u>_____, 20<u>25</u>, upon consideration of the Parties' Joint Motion for Consolidation of Related Derivative Actions and Appointment of Co-Lead Counsel and Liaison Counsel (*Davidson* Action, ECF No. 13; *Sullivan* Action, ECF No. 5), it is hereby **ORDERED** that:

1.      The actions *Davidson* v. *Hobart, et al.*, Case No. 2:25-cv-00209-NR-KT (the "*Davidson* Action") and *Sullivan* v. *Hobart, et al.*, Case No. 2:25-cv-00601-KT (the "*Sullivan* Action" and together with the *Davidson* Action, the "Related Derivative Actions") shall be consolidated into a single action (the "Consolidated Derivative Action") at Civil Action No. 2:25-cv-00209-NR-KT for all purposes, including pre-trial proceedings and trial.

2.      Every pleading filed in the Consolidated Derivative Action, or any separate action included therein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE DICK'S SPORTING GOODS, INC. DERIVATIVE LITIGATION | |
| This Document Relates To:<br><br>    ALL ACTIONS. | Lead Case No.: 2:25-cv-00209-NR-KT |

The files of the Consolidated Derivative Action will be maintained in one file under Lead Case No.: 2:25-cv-00209-NR-KT.

3.     This Order shall apply to each case arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, which is subsequently filed in, removed to, or transferred to this Court.

4.     The order entered by this Court on April 14, 2025 in the *Davidson* Action (*Davidson* Action, ECF No. 12 (the "Stay Order")), shall apply equally to the *Davidson* Action, the *Sullivan* Action, the Consolidated Derivative Action, and any action subsequently consolidated into the Consolidated Derivative Action.

5.     Defendants are not required to respond to any complaint in the Related Derivative Actions or the Consolidated Derivative Action, other than a consolidated complaint or a complaint designated as the operative complaint, and the timing of any such response is governed by the terms of the Stay Order.

6.     Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E)-(F), service by e-mail transmission on counsel of record of pleadings and other papers filed in the Related Derivative Actions or the Consolidated Derivative Action after the original complaint and any discovery paper required to be served on a party shall be permitted in addition to service via ECF notification.

7.     The law firms of Robbins LLP ("Robbins") and Glancy Prongay & Murray LLP ("Glancy") shall serve as Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action. Robbins and Glancy shall have authority to speak for Plaintiffs in all matters regarding pre-trial and trial procedure and settlement negotiations, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of the Consolidated Derivative Action, and to avoid duplicative or unproductive efforts.  The law firm of Pribanic & Pribanic shall serve as Liaison Counsel in the Consolidated Derivative Action.

8.      Defendants take no position as to which counsel should be appointed Co-Lead Counsel for Plaintiffs or Liaison Counsel for Plaintiffs in the Consolidated Derivative Action.

9.      This Order is without waiver or prejudice to any and all rights, claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties, including but not limited to motions or arguments regarding proper forum under DSG's bylaws, statute of limitations, failure to adequately plead demand futility or make a pre-suit demand, or any grounds on which Defendants may move to dismiss any claims in the Related Derivative Actions, Consolidated Derivative Action, or any other actions, or any other motions or arguments concerning venue, forum, transfer, jurisdiction, or stay of the Related Derivative Actions, the Consolidated Derivative Action, or any other actions, including following any termination of the stay of any action(s), and the Parties' right to oppose any such motions or arguments.

SO ORDERED.

s/Kezia O. L. Taylor
_____
Kezia O. L. Taylor
U.S. Magistrate Judge

4