**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE DICK'S SPORTING GOODS, INC. DERIVATIVE LITIGATION | Lead Case No.: 2:25-cv-00209-NR-KT |
| This Document Relates To: ALL ACTIONS. | |

**JOINT NOTICE REGARDING STAY ORDER**

The Parties[1] respectfully submit this Joint Notice to the Court in accordance with the Court's prior Order Granting Joint Motion to Stay Proceedings Pending Developments in Related Securities Class Action (the "Stay Order") (ECF No. 12) and prior Order Granting Joint Motion for Consolidation of Related Derivative Actions and Appointment of Co-Lead Counsel and Liaison Counsel (ECF No. 14) (the "Consolidation Order"), and state as follows:

1. On April 14, 2025, the Court entered the Stay Order, which ordered that the shareholder derivative action *Davidson* v. *Hobart, et al.*, Case No. 2:25-cv-00209-NR-KT (the "Davidson Action") be stayed until thirty (30) days following the occurrence of certain events in the related securities action captioned *In re DICK'S Sporting Goods, Inc. Securities Litigation*, Case No. 2:24-cv-00196-NR-KT (the "Securities Action"). (ECF No. 12, ¶ 1).

2. On May 16, 2025, the Court entered the Consolidation Order, which ordered that the Davidson Action and another shareholder derivative action, *Sullivan* v. *Hobart, et al.*, Case No. 2:25-cv-00601-KT (the "Sullivan Action"), be consolidated into this action (the "Consolidated

---

[1] The "Parties" include, collectively, plaintiffs Donel Davidson and Richard Sullivan ("Plaintiffs"), individual defendants Lauren R. Hobart, Edward W. Stack, Navdeep Gupta, William J. Colombo, Lawrence J. Schorr, Emanuel Chirico, Larry D. Stone, Mark J. Barrenechea, Anne Fink, Larry Fitzgerald, Jr., Sandeep Mathrani, and Desiree Ralls-Morrison ("Individual Defendants"), and nominal defendant DICK'S Sporting Goods, Inc.

Derivative Action") for all purposes. (ECF No. 14, ¶ 1). Additionally, the Court ordered that the Stay Order already entered in the Davidson Action applied equally to the Sullivan Action, the Consolidated Derivative Action, and any action subsequently consolidated into the Consolidated Derivative Action. (ECF No. 14, ¶ 4).

3. Under the Stay Order, this Consolidated Derivative Action is stayed until thirty (30) days following the occurrence of any of certain events in the Securities Action, which include "the denial of any motion to dismiss the Securities Action in whole or in part by the District Court." (ECF No. 12, ¶ 1 (2)).

4. The Stay Order requires the Parties to "notify the Court within fifteen (15) days after the occurrence of" any of those events. (*Id.,* ¶ 1). The Stay Order also requires the Parties to "meet and confer in good faith to determine whether a further extension of the Stay is preferable or necessary" within fourteen (14) days of the date that any termination of the Stay takes effect and to "submit a proposed extension of the Stay or proposed scheduling order governing further proceedings in the Derivative Action within thirty (30) days of the date that any termination of the Stay takes effect." (ECF No. 12, ¶ 3).

5. On August 12, 2025, United States Magistrate Judge Taylor issued a Report and Recommendation (the "R&R") in the Securities Action recommending that defendants' motion to dismiss in the Securities Action (Securities Action, ECF No. 58) be granted in part and denied in part. (Securities Action, ECF No. 70).

6. On April 3, 2026, United States District Court Judge Ranjan issued a Memorandum Opinion in the Securities Action adopting the R&R with modifications. (Securities Action, ECF No. 85).

2

7.      As a result, defendants' motion to dismiss in the Securities Action has been denied in part by the District Court, triggering the notice and meet-and-confer requirements in the Stay Order described above.  (ECF No. 12, ¶¶ 1 & 3).

8.      Accordingly, in compliance with the requirements of the Stay Order, the Parties are submitting this Joint Notice to the Court.

9.      Pursuant to the Stay Order, the stay of the Consolidated Derivative Action expires on May 4, 2026.  As required by the Stay Order, the Parties will meet and confer in good faith by May 18, 2026 to determine whether a further extension of the Stay is preferable or necessary; and will submit to the Court "a proposed extension of the Stay or proposed scheduling order governing further proceedings" in this Consolidated Derivative Action on or before June 3, 2026.  (*See* ECF No. 12, ¶ 3)

Respectfully submitted,

Dated:  April 20, 2026

**PRIBANIC & PRIBANIC**                                    **JONES DAY**

/s/ *Vincent A. Coppola*                                        /s/ *Margaret C. Gleason*
Vincent A. Coppola                                             Rebekah B. Kcehowski  (PA 90219)
513 Court Place                                                Margaret C. Gleason  (PA 201742)
First Floor                                                    500 Grant Street, Suite 4500
Pittsburgh, PA 15219                                           Pittsburgh, Pennsylvania  15219
Tel:  412-281-8844                                             Tel:  412-391-3939
vcoppola@pribanic.com                                          Fax:  412-394-7959
                                                               rbkcehowski@jonesday.com
*Liaison Counsel for Plaintiffs in the*                        mcgleason@jonesday.com
*Consolidated Derivative Action*

**ROBBINS LLP**                                                *Counsel for Individual Defendants and Nominal*
Brian J. Robbins                                               *Defendant DICK'S Sporting Goods, Inc.*
Stephen J. Oddo (*pro hac vice*)
Michael J. Nicoud (*pro hac vice*)

3

5060 Shoreham Place, Suite 300
San Diego, CA 92122
Tel:  (619) 525-3990
Fax:  (619) 525-3991
brobbins@robbinsllp.com
soddo@robbinsllp.com
mnicoud@robbinsllp.com

*Co-Lead Counsel for Plaintiffs in the
Consolidated Derivative Action*

**BRIAN MURRAY LAW PLLC**
Brian Murray
750 East Main St Ste 620
Stamford, CT 06902
Tel: (203) 888-2170
bmurray@brianmurraylaw.com

*Co-Lead Counsel for Plaintiffs in the
Consolidated Derivative Action*

4